Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7325 | **DATE** | 1/11/2005 |
| **CASE TITLE** | N.M. PATERSON & SONS LIMITED vs. M/V ETHEL E, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiff's motion to alter or amend judgment, to specify amount of prejudgment interest [doc. no. 54-1] is granted. Prejudgment interest is awarded from the date of the accident and the judgment is amended to reflect a judgment in the amount of $315,144.23.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | JAN 1 2 2005 date docketed | |
| | Notified counsel by telephone. | | 60 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| CG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

N.M. PATERSON & SONS LIMITED,

    Plaintiff,

v.

M/V ETHEL E., WILLIAM C. SELVICK, CURLEY'S MARINE TOWING, and CRONIMET CORPORATION,

    Defendants.

01 C 7325

Judge Ronald A. Guzmán

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiff's Motion to Alter or Amend Judgment, to Specify Amount of Pre-Judgment Interest*. Plaintiff seeks a finding that it is entitled to pre-judgment interest from the date of the accident on that portion of the $234,558 judgment previously awarded by this Court that is derived from repairs and consequential/incidental damages ($163,404.40). Defendant responds that it would be inappropriate to award pre-judgment interest on unspent money when the injured party has, as in this case, recovered for loss of use or demurrage. In the *Peavey Barge Line* case, the Seventh Circuit held that prejudgment interest, as part of the loss itself, is awarded to a victim who has incurred out-of-pocket cash expenses and/or a loss of use of property. *United States v. Peavey Barge Line*, 748 F.2d 395, 402 (7th Cir. 1984). However, prejudgment interest should not be awarded before the injured party pays for the repairs if damages include both demurrage costs and repair costs. *Id.* In this case, Defendant concedes that prejudgment interest from the date of the accident is appropriate for the loss-of-use award ($71,153.60). However, Defendant argues that because Plaintiff has failed to establish any evidence at trial regarding when the repair payments were made, it has failed to establish that prejudgment interest should be paid for the repairs.

In response, Plaintiff contends that Exhibit 15 which was admitted without objection at trial establishes when repair costs were "incurred." It is unclear whether this exhibit tells us when the payments were actually made. Plaintiff fails to explain what specific evidence exists to establish when repair payments were actually made. Neither party included Exhibit 15 as an

attachment to its brief. However, the evidence is clear that the ship was dry docked shortly after the accident and repairs were promptly initiated. There was no substantial delay in the repair of the ship. The consequential damages for repatriation of the crew were also paid immediately after the accident in order to get the crew home. Plaintiff should not be forced to present detailed proof as to when every individual invoice was issued and paid. In short, there are no unusual circumstances in this case that would persuade the Court to exercise its discretion to deny prejudgment interest with regard to the repairs.

Plaintiff's motion is granted. Prejudgment interest is awarded from the date of the accident and the judgment is amended to reflect a judgment in the amount of $315,144.23.

SO ORDERED                ENTER:  1/11/05

**RONALD A. GUZMAN**
**District Judge**